People v Covington (2019 NY Slip Op 05429)





People v Covington


2019 NY Slip Op 05429


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-05039

[*1]People of State of New York, respondent,
v
Orlando Covington, appellant. Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.


Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered February 13, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the proceeding pursuant to Correction Law article 6-C is dismissed.
In September 2002, the defendant was convicted in Virginia of second-degree murder under Virginia Code § 18.2-32, following the death of a three-year-old child who had been left in the defendant's care. Because the offense involved a victim under 15 years of age, the defendant was required, upon his release from incarceration, to register with the Commonwealth of Virginia Sex Offender and Crimes Against Minors Registry (see VA Code § 9.1-902[A][3]; [D]).
The defendant subsequently relocated to New York in November 2017. Following a hearing pursuant to Correction Law article 6-C, the Supreme Court adjudicated the defendant a level three sex offender. Insofar as relevant to this appeal, the court determined that the defendant's mandatory registration under Virginia law made him a "sex offender" under Correction Law § 168-a(2)(d)(ii). The defendant appeals.
The victim's extensive injuries in this case included "significant traumatic injuries to [his] scrotum and penis," which were described at trial by the prosecution's expert medical witness as having been inflicted "within hours to one day from the time of [the infant's] death" and were "caused by blunt force trauma, probably squeezing" (Covington v Commonwealth, 2003 WL 22769145, *2 [Ct App Va, Richmond]). Nevertheless, as the People correctly concede, the order appealed from must be reversed in light of the Court of Appeals' recent opinion in People v Diaz (32 NY3d 538), which held that mandatory registration as a murderer under Virginia Code § 9.1-902(D) does not qualify the defendant as a "sex offender" within the meaning of Correction Law § 168-a(2)(d)(ii).
In light of our determination, the defendant's remaining contention has been rendered academic.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court